UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JOHN D. RACHEL,

                Plaintiff,

v.

MBNA, et al.,

                Defendant(s).

Civil No. CV 05-182-MO

OPINION AND ORDER

**MOSMAN, J.,**

      Plaintiff John Rachel, appearing *pro se*, filed suit against more than a dozen defendants, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et. seq*. Before the court is the motion to dismiss filed on behalf of Defendants MBNA America Bank, N.A. ("MBNA"), Nancy Criss, Wolpoff & Abramson, Robert Burnstein, Neal Levitsky, Ronald Canter, and Bruce Cherkis (collectively "MBNA defendants").

      While plaintiff's complaint is largely incomprehensible, plaintiff's responsive pleadings to defendants' motions, read together with the complaint, provide additional insight into the nature of plaintiff's claims. Plaintiff alleges that Defendant Derrick McGavic purchased from MBNA a debt plaintiff ostensibly owed to the bank,[1] and that McGavic sent plaintiff several threatening letters as part of his efforts to collect on the debt. When McGavic's collection efforts failed, he initiated "sham" arbitration proceedings before the National Arbitration Forum ("NAF"), which resulted in a "counterfeit" arbitration award against plaintiff. McGavic then sought and obtained a state court confirmation of the arbitration award from Judge Dale Koch in the Circuit Court of

---

[1] Plaintiff appears to deny that he was indebted to MBNA.

PAGE 1 - OPINION AND ORDER

the State of Oregon for Multnomah County. Plaintiff alleges that in entering the confirmation order, Judge Koch aided and abetted McGavic's fraudulent scheme to steal from plaintiff because Judge Koch "is either 'on the take' receiving kickbacks and bribes from McGavic, or Koch lacks both the ethical and professional integrity to make decisions affecting other people's lives."[2] In sum, plaintiff appears to allege that MBNA, McGavic, NAF and Judge Koch collectively conspired to "extort" from plaintiff, in violation of RICO.

The MBNA defendants moved to dismiss plaintiff's complaint for failure to state a claim and lack of subject matter jurisdiction.[3] The defendants first argue plaintiff's complaint fails to provide "a short and plain statement" of plaintiff's claim as required under Fed. R. Civ. P. 8(a). Even construing plaintiff's pro se complaint liberally, the document falls far short of this standard. It states no specific counts against any defendant – for that matter, it is entirely devoid of any allegations involving Defendants Criss, Wolpoff & Abramson, Burnstein, Cherkis,[4]

---

[2] Although plaintiff named Judge Koch as a defendant, the court granted plaintiff's motion to dismiss Judge Koch from this action.

[3] Defendants Ing and McGavic previously filed a motion asking the court to order plaintiff to make his complaint more definite and certain. In response, plaintiff filed a brief that opposed the motion while including a so-called "more definite statement" of his allegations. Prior to plaintiff's response to the motion to make more certain, the MBNA defendants filed the instant motion. Plaintiff moved to strike the instant motion on the grounds that it was "untimely and irrelevant because it does not address plaintiff's most recent pleadings." Plaintiff has not filed an amended complaint, however, and his claim that the instant motion is somehow rendered moot by his opposition to the motion to make more certain has no merit. Accordingly, plaintiff's motion to strike (#23) is DENIED.

[4] In an affidavit attached to plaintiff's complaint, plaintiff makes the following allegation regarding Defendant Burnstein: "I was contacted by Robert J. Burnstein in a letter dated February 18, 2004. Burnstein alleged that I owed him a large sum of money, but in the time since, has refused to document and verify that I owe him, MBNA, or WOLPOFF & ABRAMSON, LLP money." Similarly, plaintiff's affidavit avers that "In a letter dated May 20, 2004, Bruce H. Cherkis falsely alleged that MBNA had a claim against me and implied he had
(continued...)

Levitsky, Canter, Ing, NAF, Leah Smith, or Gary Grenley.[5] Half of the complaint is dedicated to an exposition regarding "how the debt collection fraud racket works," that describes the wrongs that actors "such as" McGavic allegedly perpetrate on parties "such as" or "similarly situated to" plaintiff. The complaint's "RICO case statement" is a single, two-page paragraph filled with conclusions of law but few, if any, cognizable factual allegations. Accordingly, dismissal is appropriate on this basis alone.

More fundamentally, the substance of plaintiff's allegations reveals that this court lacks subject matter jurisdiction to hear plaintiff's claims. At bottom, plaintiff's action challenges the state court order confirming the arbitration award entered against him. The only injury plaintiff claims is McGavic's collection on the arbitration award confirmed by the state court.[6] Under the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983); *see also Rooker v. Fid. Trust Co.*, 263 U.S.

---

[4](...continued)
authority to sue in Oregon courts." Standing alone, these allegations do not state a claim against these defendants. In any event, these allegations do not appear anywhere in plaintiff's complaint.

[5] For the same reason, plaintiff's motions for default judgement against Defendants NAF, Smith and Grenley (#27, 28 and 43) are DENIED. No default has been entered against these defendants, rendering these motions procedurally unsound under Fed. R. Civ. P. 55(b). In addition, "the strong policy underlying the Federal Rules of Civil Procedure favor[s] decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In light of the insufficiency of plaintiff's complaint, the complaint's lack of substantive merit, and the existence of material factual disputes, plaintiff's motions for judgment are denied on their merits as well. *Id*. at 1471-1472.

[6] The closest the complaint comes to alleging an injury is its claim that "but for the chicanery of [McGavic], John D Rachel would have his money." Plaintiff's "more definite statement" is more forthcoming, stating that the defendants used the legal system "to force plaintiff to satisfy a claim of debt which was apparently void at the beginning of this ordeal and remains a nullity."

PAGE 3 - OPINION AND ORDER

413, 68 L. Ed. 362, 44 S. Ct. 149 (1923).

Nor can plaintiff avoid this jurisdictional bar simply by styling his collateral attack on the state court judgment as a RICO complaint. "*Rooker-Feldman* bars federal adjudication of any suit in which a plaintiff alleges an injury based on a state court judgment and seeks relief from that judgment." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 904 n.4 (9th Cir. 2003). Thus, for example, the Ninth Circuit has held that the *Rooker-Feldman* doctrine "precludes review of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Id*. at 901. This principle applies with even greater force where, as here, a plaintiff claims the state court's decision violated a federal statute.

In sum, because this court lacks jurisdiction to hear plaintiff's complaint, this action is dismissed with prejudice. The MBNA defendants' motion to dismiss (#21) is GRANTED, and plaintiff's motion to strike (#23) and motions for judgment (#27, 28 and 43) are DENIED. All other pending motions are denied as moot.

IT IS SO ORDERED.

DATED this  2nd   day of August, 2005.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge